Ray LINTON, Plaintiff–Appellant,

v.

Juanita HASTY, Defendant–Appellee.

No. 49A04–8703–CV–66.

Court of Appeals of Indiana,
Third District.

Feb. 15, 1988.

Rehearing Denied April 8, 1988.

Frank E. Spencer, Indianapolis, for plaintiff-appellant.

Paul D. Ludwig, Ernest J. Newborn, Jr., Cohen and Malad, Indianapolis, for defendant-appellee.

HOFFMAN, Judge.

Ray Linton brings this appeal from an adverse judgment from the Municipal Court of Marion County. Linton had filed a complaint claiming fraud and misrepresentation in Juanita Hasty's failure to return a diamond ring that Linton alleged was given in contemplation of marriage. The trial court found that the relationship between Hasty and Linton was broken up through no fault of Hasty, that the value of the ring was commensurate with the time, energy and money that Hasty expended in the relationship, that there was no condition attached to the giving of the ring to Hasty by Linton and that there was never an announced engagement between Hasty and Linton. Linton here challenges these findings and the trial court's conclusion that Hasty had no obligation to return the ring to Linton after the breakup of their relationship.

The standard of review for Linton's challenge to the court's findings is well settled: only the evidence and reasonable inferences which support the trial court's decision will be reviewed, and that decision will be upheld if it can be sustained upon any legal theory which the evidence supports. *Walters v. Dean* (1986), Ind.App., 497 N.E.2d 247, 253. Evidence presented here showed that Linton continued to be romantically involved with other women after presenting the ring to Hasty. Other evidence was presented which showed that Hasty paid the rent and some other bills and cooked and washed without compensation for Linton while she and Linton lived together. Further evidence showed that Linton first presented the ring to Hasty in July 1981 without any stated condition regarding the gift and that through 1982 and 1983 Linton and Hasty exchanged the ring back and forth several times.

This evidence adequately supported the trial court's finding that there was no condition of marriage attached to the giving of the ring to Hasty by Linton. Unless there is a persuasive showing to the contrary, it is assumed that a gift is irrevocable, *see, Richards v. Wilson* (1916), 185 Ind. 335, 383, 112 N.E. 780, 794, and Linton failed to show here that the gift of the ring to Hasty was conditional upon marriage. Since the trial court's finding that the ring was not given on the condition that marriage would occur is adequately supported by the evi-

dence, it is not necessary to determine whether Hasty would be allowed to keep the ring were it given to her on the condition that she marry Linton. However, it should be noted that, although Indiana courts have not yet decided the question, most jurisdictions hold that when an engagement gift is given on the condition that a marriage ensue, the donor is entitled to its return on non-fulfillment of the condition, at least where such non-fulfillment is through no fault of the donor. *See*, 46 A.L.R.3d 578.

The judgment of the trial court is affirmed.

Affirmed.

STATON and BUCHANAN, JJ., concur.